## City of Chicago, et al. v. Daniel J. Gillen.

### Gen. No. 12,233.

1. Civil Service Commission—*certiorari lies to review proceedings of.* The common law writ of *certiorari* lies from the circuit and superior courts of Cook County to the Civil Service Commission of the city of Chicago.

2. Civil Service Commission—*when jurisdiction to remove does not appear.* Jurisdiction to remove a civil service employee does not appear where no notice of trial or opportunity to defend against the charges preferred appears.

3. Civil Service Act—*cause for removal under, defined.* A cause for removal within the meaning of the Civil Service Act means some substantial shortcoming which renders continuance in office or employment in some way detrimental to the .discipline and efficiency of the service and something which the law and a sound public opinion will recognize as a good cause for removal.

4. Civil Service Act—*what not cause for removal under.* Failure to pay within a reasonable time a civil debt, in the absence of fraud or dishonesty, does not constitute ground for the removal of a civil service employee.

5. Certiorari—*practice with respect to granting of.* The granting of a writ of *certiorari* is within the judicial discretion of the court but before allowing the writ notice of the application should be required, and this is especially true where the writ is sought against such a body as the Civil. Service Commission of the city of Chicago.

*Certiorari* proceeding. Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 4, 1906.

John W. Beckwith and Cecil Page, Assistants Corporation Counsel, for appellants; Edgar Bronson Tolman, Corporation Counsel, of counsel.

A. D. Gash and James H. Hooper, for appellee.

Mr. Justice Brown delivered the opinion of the court.

City of Chicago v. Gillen.

This case is governed by our decision in Chicago v. Bullis, *ante,* p. 7, and Chicago v. Condell, *ante,* p. 64.

As in the Bullis and Condell cases, so in this, great reliance was placed by the appellant on the proposition that the common law writ of *certiorari* will not lie from the Superior or Circuit Courts of Cook county to the Civil Service Commissioners of the city of Chicago. We have nothing to add to our discussion of this contention in the opinion in Chicago v. Bullis. We do not think it tenable.

As in the case of the City of Chicago v. Condell, the return of the Civil Service Commissioners, by the inspection of which this case is to be tried, shows on its face a want of jurisdiction to try the accused or to act in his removal.

In the first place, the statute provides that no person in the classified service can be removed "except for cause on written charges."

A cause means some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service, and something which the law and a sound public opinion will recognize as a good cause for his no longer occupying the place. To give the Civil Service Commission the right to try the employee and decide upon his removal, there must be then some such written charge of cause against him, and this must be shown by the return, for it is on the return alone, after it is made, that the matter must be tried, and the writ dismissed or the proceedings quashed. The jurisdiction must be shown therein. In this case the alleged cause charged is, "Neglect to pay within a reasonable time a just indebtedness, in violation of Rule 69, Book of Rules and Regulations governing the Police Department," and the specifications which must be considered with the charge are: "Patrolman Daniel J. Gillen neglected to pay a just indebtedness to S. B. French, Room 45, 95 Dearborn Street, within a reasonable time."

As we said in The City of Chicago v. Condell, "Violation of Rule 69" means nothing in the absence of the rule from the return; and " 'Neglect to pay within a reasonable time a

just indebtedness,' does not exclude a perfectly honest inability to do so, resulting from unforeseen accident." In the case at bar, therefore, as in the Condell case, our further language is applicable. "That to be a dishonest debtor, a confidence man or a 'dead beat,' one who culpably fails to discharge a just debt after a reasonable opportunity, and with ability to do so, is a sufficient cause, may be conceded without effect upon the position taken here—that the cause set forth in the case at bar was no cause at all."

Counsel for appellant in the present case have argued that the word "neglect" used, as they contend, in distinction from "omit," implies in its connotations, or may imply, this culpable quality in the omission which we have above alluded to as "a sufficent cause." We do not, however, agree with this view. The word must be considered in the connection in which it is used as wearing the meaning it would convey to the ordinary mind and as being synonymous with "omit."

But besides the requirement that the removal must be "for cause on written charges," it must be by the statute " after an opportunity to be heard in his own defense." This is as jurisdictional as the matter of a sufficient charge. Nothing in the return of the commission (by which alone we can judge of its jurisdiction, and which must show it) appears to indicate that notice of any kind of the time and place of his trial was given to the petitioner. This we held fatal, both in the Bullis case and the Condell case, above cited.

As in the Bullis and Condell cases, so here it is urged by appellant that the laches of the petitioner in not applying for the writ for more than eleven months after his separation from the service should have prevented its issuance or led the trial court to have quashed it.

It is further urged that the writ should not have been granted because of the manifest inconvenience and expense to the city involved in the quashing of the proceedings of the Civil Service Commission in cases like the present. Without expressing any opinion as to the merit of these conten-

tions in themselves, we must hold that they are arguments which are for the court to whom the application is made for the writ, either in opposition to such application, or on a motion to quash the writ when granted, and cannot be considered by us when, as in the case at bar, the proceedings of the commission, as the return showed them, were considered on final hearing by the trial court.

We repeat what he have said in the Condell case—the granting of a *certiorari* is in the judicial discretion of the courts which have the power to grant it. Before allowing it those courts should require notice to the defendants to the petition. Especially should this rule be followed in the case of a writ prayed for against such bodies as the appellants herein. They will then have their suitable opportunity to appeal to the discretion of the court, if they have matters to urge valid against its issuance, but which are unavailable in securing a review of a final hearing on a return to the writ.

The judgment of the Superior Court is affirmed.

*Affirmed.*