# Robert J. Schlau, Appellee, v. City of Chicago, Appellant.

## Gen. No. 16,430.

1. APPEALS AND ERRORS—*when exceptions properly preserved.* *Held,* upon this record, that due objections and exceptions were taken to the proceedings sought to be reviewed.

2. CIVIL SERVICE COMMISSION—*what does not vitiate order of dismissal.* The fact that but two commissioners have investigated and determined charges, does not vitiate an order of dismissal entered by the commission.

3. CIVIL SERVICE COMMISSION—*what does not vitiate order of dismissal.* The fact that the commission permitted the assistant general superintendent of police to sit with them in hearing charges, does not vitiate an order of dismissal.

4. CIVIL SERVICE COMMISSION—*when sufficiency of charges cannot be questioned.* If at the trial before the commission the sufficiency of the charges made was not questioned, they cannot subsequently be questioned in a mandamus proceeding.

5. CIVIL SERVICE COMMISSION—*what proceedings not subject to review.* Whether or not the charges against an officer were sufficiently proved is not a question which is subject to review by the courts, where the officer was accorded a trial in the manner provided by law, and a finding by the commission or trial board upon evidence tending to show guilt has been approved by the civil service commission.

Mandamus. Appeal from the Circuit Court of Cook county; the HON. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed. Opinion filed May 7, 1912. Rehearing denied and opinion modified May 7, 1912.

HOWARD O. SPROGLE and OSCAR H. OLSEN, for appellant; EDWARD J. BRUNDAGE, of counsel.

FRANK R. REID and Q. J. CHOTT, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

Robert J. Schlau, appellee, filed a petition for a writ of mandamus, to require the City of Chicago, through its proper officers, to assign him to duty as lieutenant of police in the service of the City and to certify his

name on the roster and payroll as entitled to the salary of the position, the petitioner having previously been discharged at the direction of the Civil Service Commission.

The petition alleges that the petitioner had been a member of the Police Department of the City of Chicago from 1884 until about the 29th of April, 1909; that he was appointed a lieutenant "under civil service and by virtue of the provisions of the Civil Service Act of the said City of Chicago" on the 9th day of April, 1901; that on April 29, 1909, the Civil Service Commission ordered and directed the superintendent of police to discharge him as lieutenant from the service of the city; that the general superintendent of police issued an order pretending to discharge him from the service; that the petitioner requested the general superintendent to assign him to duty, but that the request was refused; that on or about April 1, 1909, certain alleged charges were filed against petitioner with the Civil Service Commission. The charges are then set up in the petition, being for violation of paragraph 4 of Section 2 of Rule 36, viz, conduct unbecoming a police officer or employe of the Police Department; for violation of paragraph 6 of Section 2 of Rule 36, relating to neglect of duty; also paragraph 7 of Section 2 of Rule 36, viz, violation of a criminal law.

The petition then recites that two of the civil service commissioners of the City of Chicago made an investigation of the charges, and made the following finding and endorsement on each of the said alleged charges:

"Upon investigation of these charges we find that a notice stating the time when and the place where this investigation was to be held, together with a copy of the charges herein, was duly served upon the said Robert J. Schlau more than five days prior to this investigation; that the said Robert J. Schlau appeared in person and was represented by attorney. Whereupon the witnesses were sworn and their evidence was

heard by the Commission; and we further find from the evidence, that said Robert J. Schlau is guilty as charged in the foregoing charges and order that he be discharged from the Police Department and from the services of the City of Chicago.''

The petition further alleges that at the time the charges were filed with the Commission there were three commissioners, but that only two of them took part in the investigation; that the charges do not constitute a cause of removal within the meaning of Section 12 of the Civil Service Act; that therefore the Civil Service Commission acquired no jurisdiction to order the discharge of the petitioner; that the order of the general superintendent of police was also without authority and void; that no investigation was had of any charges by the Civil Service Commission within the meaning of Section 12 of the Civil Service Act. The petition further alleges that the officers and agents of the City of Chicago refuse to certify the petitioner's name upon the roster of the Department of Police and upon the payroll thereof, and that petitioner is thus deprived of his wages and salary.

To this petition a demurrer was filed and overruled. An answer was filed. Thereupon testimony was heard and a finding made that the allegations of the petition were true, and the writ of mandamus was issued.

We are asked to reverse the action of the Circuit Court on the ground, principally, that if all the allegations of the petition are taken to be true the court was without jurisdiction to order the issuance of the writ. The appellee insists that the point made is not preserved by the record. We cannot agree with him in that regard. When the first witness was on the stand a motion was made to exclude certain testimony sought to be introduced. The objection was overruled, and the court stated that he would hear the evidence subject to the objection. Later on, when an exception was sought to be taken, the court stated: ''Sure; everything may

be excepted to." Afterwards the following colloquy appears:

"MR. SPROGLE. Let me call your honor's attention to the allegation in this petition and see whether there is any issue joined in the pleadings that the court can try.

THE COURT. Let it all go in, subject to the objection.

MR. SPROGLE. Then this all goes in under my objection and exception?

THE COURT. Yes."

Other objections were made and exceptions taken specifically to certain portions of the testimony. An exception was also taken to the entry of the judgment.

Among the assignments of error are the following: 2. The court below admitted improper evidence on the part of petitioners; 4. The court erred in its finding of the issues for the petitioners; 5. The court erred in entering judgment against defendants.

We think, therefore, that the technical objections raised by the appellee to a review of the case upon its essential features are not well taken.

It will be noted that the petition nowhere alleges any fraud or improper conduct on the part of the members of the Commission. By Section 1 of Chapter 24-A of the Revised Statutes, which relates to civil service, it is provided that two of the three commissioners shall constitute a quorum. There is nothing in the act to indicate it was the intention that all three of the commissioners should act in every case. On the other hand, the plain construction is that the act of two of them, constituting a majority, is sufficient.

A further point is raised by the appellee in this court (it being claimed by the appellee for the first time), that the finding of the Commission was illegal because the assistant general superintendent of police sat with the commissioners as one of the trial board.

There is nothing in the petition or in the record to show that he in any way participated in the finding of the commission. The hearing was open, and we can see no reason why the Civil Service Commission might not avail itself of the assistance of such an officer as the one mentioned in investigating charges made against one of his subordinates. We think it was within its power to permit the officer to interrogate witnesses and otherwise to assist the commission in arriving at a just conclusion in the matter before it.

It does not appear in the petition, nor elsewhere in the record, that the appellee questioned the sufficiency of the charges made against him when the same were on hearing before the Civil Service Commission. Under such circumstances he cannot raise such an objection in the courts. Joyce v. City of Chicago, 216 Ill. 466; Sullivan v. Lower, 234 Ill. 21.

Further it seems conclusively to appear that if the charges and specifications were true, the discharge of the appellee was not only justifiable but necessary to the public advantage.

It further appears from the record that the appellee was notified of the time and place of the hearing, and was given copies of the charges and specifications proffered against him; that he appeared before the commission and made no objection as to the regularity of the proceeding, and was permitted in his defense to introduce all of the evidence offered by him. The petition recites the finding of the commission, and nowhere denies the correctness of the finding in the matters referred to.

By Section 12 of the Civil Service Act now in force in the City of Chicago, it is provided that no officer or employe in the classified civil service shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense; that such charges shall be investigated by or before the Civil Service Commission, or by or before

some officer or board appointed by said commission to conduct such investigation; that the finding and decision of such commission or investigating officer or board, when approved by the commission, shall be certified to the appointing officer, and shall be forthwith enforced by such officer, etc. This provision of the act has been held to be constitutional. People v. Kipley, 171 Ill. 44; City of Chicago v. People, 210 Ill. 84. It has many times been held that whether or not the charges against an officer were sufficiently proved is not a question which is subject to review by the courts, where the officer was accorded a trial in the manner provided by law, and a finding by the commission or trial board upon evidence tending to show guilt has been approved by the Civil Service Commission. Some of the cases in which this question has been decided arose on appeal or writ of error from a judgment of a court, where a writ of certiorari was granted or denied; others, in cases wherein a writ of mandamus was applied for and either granted or denied. City of Chicago v. People, 210 Ill. 84; Joyce v. City of Chicago, 216 *id.* 466; Kenneally v. City of Chicago, 220 *id.* 485; Kammann v. City of Chicago, 222 *id.* 63; City of Aurora v. Schoeberlein, 230 *id.* 496; People v. City of Chicago, 234 *id.* 416.

In the case last referred to the court said: "The contention of appellee in this regard, if upheld, would practically amount to a review of the evidence by the courts in all investigations conducted by the civil service commission or under its direction. This is not the law. As was said in City of Aurora v. Schoeberlein, *supra,* such a review by the courts would be the exercise of executive powers, which the separation of departments of the government precludes the court from exercising."

For the reasons stated, we think the issuance of the writ of mandamus in the case now under consideration was improper, and the judgment will be reversed.

*Judgment reversed.*