Rose K. Joyce, Appellant, v. Board of Education of
City of Chicago, Appellee.

Gen. No. 42,723.

Heard in the second division of this court for the first district at the June term, 1943. Opinion filed April 2, 1945. Released for publication April 17, 1945.

MAXIMILIAN J. ST. GEORGE, of Chicago, for appellant.

RICHARD S. FOLSOM, of Chicago, for appellee; FRANK S. RIGHEIMER and FRANK R. SCHNEBERGER, both of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

Mrs. Rose K. Joyce appeals from an order of the circuit court dismissing her complaint of August 14, 1942, wherein she sought a writ of certiorari to review an order of the Board of Education of Chicago removing her as a teacher in the public schools of this city upon charges filed against her by the superintendent of schools.

Plaintiff had taught history at the Hyde Park high school since 1933. February 28, 1942, the superintendent of schools suspended her on charges of conduct unbecoming a school teacher in the Chicago public schools. On that same date he reported his action to the board, and requested that the matter be referred to the general committee of the board to hear evidence and report its findings and conclusions to the board. March 4, 1942, his report and recommendations were adopted, and March 20, 1942, the secretary of the board notified plaintiff that charges had been preferred against her by the superintendent of schools, that the board at its meeting on March 4 had designated and empowered the general committee to act as a trial committee, and that hearing on the charges would take place April 22 at the board rooms. After two continuances, the trial began on May 14 and was concluded May 22. Plaintiff was present with counsel throughout the entire hearing and actively participated in the trial. The matter was then taken under advisement by the committee, and its written report was presented to the board on June 25, setting forth each step of the proceeding, making specific findings of fact, and containing a recommendation to the board that the superintendent's charges be sustained, that the findings and conclusions of the committee be approved, and that plaintiff be dismissed. The report was signed by the chairman and seven other members of the general committee. Subsequently, by a vote of nine yeas and no nays, the report of the committee

was adopted by the board and plaintiff was dismissed as a teacher.

The charges lodged against plaintiff by the superintendent were twofold: (1) "that she made un-American statements in her classroom derogatory to the United States Government"; and (2) "that she wrote a letter to a former student of hers who failed to register in accordance with the Selective Service Proclamation of the President of the United States, congratulating him on his 'couragous and idealistic stand.' "

In its report the general committee set forth the charges preferred against plaintiff, found that due notice of the hearing, together with a copy of the charges, had been served on her April 1, 1942, more than 30 days prior to the hearing, that she appeared in person at the trial, together with counsel, and through the examination of witnesses and otherwise participated in the hearing and presented evidence in her own defense, that the charges and each of the specifications were proven at the hearing and were true, and that she was guilty of conduct unbecoming a teacher in the Chicago public schools (1) in "that she wrote a letter to a former student on February 17, 1942, the day following the former student's failure and refusal to register in accordance with the Selective Service Proclamation of the President of the United States and the provisions of the Selective Service Act, congratulating him on his 'courageous and idealistic stand,' wishing him success, and stating that 'you and others who take the same stand are the hope of America,' notwithstanding the fact that she knew that all male persons between the ages of 20–45 who had not previously registered were required under the law to register," and (2) in "that she made un-American statements in her classroom derogatory to the United States Government; that she had stated in her classroom, among other things, the following: that the

United States had the attack on Pearl Harbor coming to it; that Japan had every right to declare war on the United States; that the United States was wrong in limiting immigration of the Japanese; that the Japanese should be permitted to become American citizens; that the United States was wrong in declaring war on Japan; that the Government was wrong in its attitude toward Japan; that the Government was wrong in its attitude toward war; that Hitler was attempting to establish a democracy in Europe and that the United States and Great Britain were trying to prevent it; that the United States was always trying to put something over on other countries; that Stephen Decatur's toast—'My country! in her intercourse with foreign nations may she always be right; but my country right or wrong,' is wrong and dangerous and that the students should not believe in it or follow it."

■ The authorities in this State are generally to the effect that the scope of review by the court on certiorari is whether the tribunal hearing charges has jurisdiction to act, whether there was cause for removal, and whether the tribunal proceeded in accordance with the essential requirements of the statute. *People v. Lindblom,* 182 Ill. 241; *Joyce v. City of Chicago,* 216 Ill. 466; *Funkhouser v. Coffin,* 301 Ill. 257; *McKeown v. Moore,* 303 Ill. 448. The trial court in its examination of the record in this cause found that the board had jurisdiction, that its findings, based on the evidence, showed cause for removal, and that the board proceeded legally and in accordance with the essential requirements of the statute for the removal of teachers on charges preferred against them.

Although plaintiff urges nine separate grounds for reversal, the principal questions presented and stressed on oral argument were: (1) whether the statutory requirements for removal of a teacher were sufficiently followed and complied with; and (2) whether the findings of the general committee, that

she was guilty of conduct unbecoming a teacher, were supported by the evidence and justified her dismissal for cause.

Section 161, paragraph 186, of chapter 122, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 100.661], provides that no teacher or principal who has been appointed by the Board of Education, after serving the probationary period of three years, shall "be removed except for cause, and then only by a vote of not less than a majority of all members of the board, upon written charges presented by the superintendent of schools, to be heard by the board, or a duly authorized committee of the same, after thirty days' notice, with copy of the charges, is served upon the person against whom they are preferred, who shall have the privilege of being present, together with counsel, offering evidence and making defense thereto." The Board of Education consists of eleven members, nine of whom constituted the general committee to whom the hearing was committed. Plaintiff's counsel argues that since only four of the nine heard all the evidence, the finding and recommendation of the trial committee was invalid. Since the general jurisdictional requirements, provided by statute, were complied with, the immediate inquiry is whether it was necessary that all members of the trial committee be present at each hearing. The statute does not require that all or any certain number of the members of the trial committee be present or vote on its report of findings to the board; the limitation in the Act is merely that there must be not less than a majority of the board voting in favor of dismissal of the teacher. In this proceeding the trial committee consisted of the members of the board, and since a committee of that board heard the evidence, it cannot be logically argued that a unanimous vote must be secured or that all the members must be present at each hearing. A similar question arose in *Schlau v. City of Chicago,* 170 Ill. App.

19, where only two members of the commission heard the evidence on the charges preferred against a civil service employee. The court there said: "There is nothing in the Act to indicate it was the intention that all three of the commissioners should act in every case. On the other hand, the plain construction is that the act of two of them, constituting a majority, is sufficient." In *People v. City of Chicago,* 234 Ill. 416, the relator contended, *inter alia,* that because the trial board was composed of only two members of the civil service commission, and because the record did not disclose what examination or investigation was made by the commission in reviewing the evidence, the law was not complied with, and therefore the civil service employee's removal was illegal. In holding against that contention, the court said: "The evidence before the trial board was taken down in shorthand and was shown on this hearing not to have been written up by the civil service commission before the recommendation of the trial board was acted upon, and it is insisted that all this evidence must be read by the commission in order to comply with the law and justify the removal. We cannot agree with this contention. The intent of the law is that the civil service commission shall exercise its own judgment in reaching a conclusion as to whether the recommendation of the trial board shall be approved or disapproved . . . . The civil service commission is not required to review in any specific manner the evidence before the trial board, call witnesses, notify the accused or give him an opportunity to be heard before the commission itself, previous to approving or disapproving the finding of the trial board. What examination or investigation was made by the civil service commission is not disclosed by the record, but it must be presumed to have been in accord with the law unless the contrary be shown. It may be noted that in this case the trial board was composed of two

550

members of the civil service commission—a majority
of the latter body.'' The record discloses that in the
case at bar the members of the trial committee took
the matter under advisement at the conclusion of the
hearing, that the report of the committee, signed by
eight members thereof, reported its findings to the
board on June 25, 1942, and the board reviewed the
report of the trial committee in accordance with the
law. The statute imposes on the board the duty of
exercising its own judgment as to whether the recom-
mendation of the trial board shall be approved or dis-
approved; it is not obliged to follow the findings and
recommendations of the committee, and may elect to
reject the recommendations if it sees fit. It has the
right, and the statute imposes upon it the duty, to
determine for itself whether it will adopt and approve,
or reject and disapprove, the recommendation of the
committee. In the case at bar eight of the nine mem-
bers of the committee signed the report, and all of
the nine remaining members of the board (there being
two vacancies) approved the recommendation of the
committee and voted for plaintiff's dismissal.

■ ■ Plaintiff quotes and relies on the statement
in 43 C. J. Municipal Corporations, sec. 1358, p. 788,
that ''a removal is invalid where a member of the
board who has not heard all of the testimony partici-
pates in the decision,'' but the concluding part of the
sentence, which is not included in plaintiff's quotation,
qualifies the rule as follows: ''but this rule does not
apply where the practice obtains of making a removal
by the proper authority on the report of a trial board
or officer.'' *Schlau v. City of Chicago*, 170 Ill. App.
19, and *State ex rel. Aucoin v. Board of Police Com'rs*,
113 La. 424, 37 So. 16, support the exception to the
rule. Under the circumstances we are of opinion that
the board proceeded in compliance with the provisions
of the law with reference to the removal of a teacher,
and that it had jurisdiction of the party and the sub-
ject matter.

 The remaining consideration is whether the charges, finding and report constitute "cause," within the meaning of the statute, as rendering plaintiff unfit to be a teacher in the public schools of Chicago. The findings of the general committee, which were approved, concurred in and adopted by the board, and which were held to constitute sufficient ground for dismissal, were predicated in part on the letter which plaintiff wrote to a former student about two months after Pearl Harbor, as follows: "Dear David, Allow me to congratulate you on the courageous and idealistic stand you have taken on the war situation—war which is in reality mass murder. I wish you success. You and others who take the same stand are the hope of America. Sincerely, Mrs. Rose K. Joyce." Plaintiff argues that this letter did not constitute cause for removal, to which defendants reply that it is for the board to determine what constitutes cause. In *Murphy v. Houston*, 250 Ill. App. 385, Mr. Justice MATCHETT, speaking for the court, said that it was for the commission to determine what is cause for removal, but that it may not make an arbitrary and unreasonable rule in this respect, and then defined cause to mean "some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his not longer occupying the place." The rule as laid down is in harmony with Throop on Public Officers (Book III, ch. XVI), *City of Chicago v. Condell*, 124 Ill. App. 64, *Heaney v. City of Chicago*, 117 Ill. App. 405, *Joyce v. City of Chicago*, 120 Ill. App. 398, affirmed 216 Ill. 466, and *City of Chicago v. Gillen*, 124 Ill. App. 210. The question as to who shall determine what constitutes cause has frequently been presented to the court, and the rule to be deduced from the authorities is that where the statute is silent as to what constitutes cause, the right to determine the question is in the tribunal

having jurisdiction of the particular officer or employee. *Kammann v. City of Chicago*, 222 Ill. 63; *Murphy v. Houston, supra.* It will be noted, of course, that when the charges were preferred against plaintiff by the superintendent, the United States was engaged in a war with Japan, precipitated by the dastardly acts of that country of December 7, 1941, now commonly referred to as "Pearl Harbor." We were not only fighting Japan in the west but engaged in war with Germany and Italy in the east. Loyal Americans approved the action taken by our representatives in Congress on December 8, 1941, declaring war on our enemies, and we all shared the feeling that if the war was to succeed, the support and encouragement of every individual was necessary. Certainly, it was incumbent upon teachers, who mould the minds of the young, to display the proper patriotic attitude. Plaintiff takes the position that being a citizen as well as a teacher, she was entitled to freedom of speech, and therefore it was perfectly proper for her to write the letter as well as to make the statements attributed to her by her students, which the committee found as an additional justifiable cause for dismissal. In answer to this argument defendants point out the commonly known fact that under the Selective Training and Service Act of 1940 it became the duty of every male citizen of the United States between the ages of 18 and 65 to present himself for and submit to registration in such manner as should be determined by the rules and regulations of the Act; and that by Proclamation of the President, male persons between the ages of 20 and 45 who had not previously registered, were required to do so on February 16, 1942. David Nyvall, a former student of plaintiff, publicly announced that he would refuse to register on the day fixed by the President's proclamation, and on the day after Nyvall was required to register but refused,

plaintiff wrote him the letter hereinbefore set forth. She was, of course, familiar with the Act and knew that Nyvall was included among those who were required to register on February 16; nevertheless, she congratulated him on what she described as a "courageous and idealistic stand," thus encouraging him to violate the law, and wished him success in his efforts to refuse to register, expressing the sentiment that other boys "who take the same stand are the hope of America." She should have foreseen that the incident would provoke public indignation and that her letter, if publicized, as it was, would tend to undermine the morale of young men of military age in her classes and among the nation whom she was inviting and encouraging to violate the law. We think the board was fully justified in finding that a teacher writing such a letter ought not to be permitted to continue as a teacher in the public schools, and having jurisdiction of plaintiff as an employee of the board, it had the right to determine whether her conduct constituted cause for dismissal.

As additional ground for dismissal, plaintiff was found guilty of conduct unbecoming a school teacher because of various statements made in her classroom which were derogatory to the United States Government. Numerous students in her class, some ten in all, related the discussion of current events the day following the attack on Pearl Harbor, in which plaintiff participated. They testified that some of her statements were derogatory to the United States Government, giving specific instances. Other students denied that she had made the statements attributed to her or placed a different interpretation on her discussions. The evidence was conflicting. However, in view of our conclusion that the letter to Nyvall was indefensible and constituted cause for her dismissal, we consider it unnecessary to discuss the testimony

adduced upon the hearing as to the other charges or to decide whether the findings in respect thereto are sustained by the record.

Accordingly, the judgment of the circuit court should be affirmed, and it is so ordered.

*Judgment affirmed.*

SULLIVAN, P. J., and SCANLAN, J., concur.