C. David Pearson, Plaintiff-Appellant, v. Board of Education, Community Unit School Dist. No. 5, Macoupin County, Defendant-Appellee.

Gen. No. 10,051.

Third District.
November 19, 1956.
Released for publication December 5, 1956.

45

D. A. McGrady, of Gillespie, for appellant.

Rinaker, Smith & Hebron, of Carlinville, and Elmer H. Droste, of Mount Olive, for appellee.

JUDGE CARROLL delivered the opinion of the court.

This is an appeal from an order of the Circuit Court affirming the action of the Board of Education of Community Unit School District No. 5, in Macoupin County, in discharging the plaintiff, C. David Pearson, as a teacher for said district.

Plaintiff had been a teacher in the defendant district for eight years and in May, 1954 had entered into a written contract to teach in said district for a period of nine months, commencing on the first day of September, 1954, at a salary of $4050 for the school year. At a special meeting of the Board of Education held on September 3, 1954, plaintiff was discharged and was given written notice that he was suspended and discharged for the best interests of the school district.

Plaintiff then requested and was granted a hearing under the Teachers Tenure Law. Upon such hearing the Board adopted a resolution discharging plaintiff as of November 4, 1954 and finding that the causes for such dismissal were not remediable and that the best interests of the district required his dismissal.

Plaintiff thereupon brought this action under the provisions of the Administrative Review Act to review the decision of the Board of Education.

One of the grounds relied upon for reversal is that plaintiff was not given proper notice of his discharge.

The defect which plaintiff contends renders the notice insufficient is the failure thereof to state a specific reason for his dismissal. It appears from the record that the dismissal notice insofar as it pertains to the reasons for the Board's action contained the following:

"(a) It is the opinion of the members of the Board of Education of Community Unit School District No. 5 that the suspension and discharge become effective because the best interests of the schools require it.

"(b) Due to your uncontrollable temper you fail to have proper co-operation with the administrators, your fellow teachers and the students of Community Unit School District No. 5 High School."

The question raised by plaintiff is whether this notice meets with the requirements of the Statute under which the Board exercised its authority to dismiss the plaintiff.

Section 24–3 of the School Code, Chap. 122, Illinois Revised Statutes, 1953, provides in part as follows:

"Notwithstanding the entry upon contractual continued service, any teacher may be removed or dismissed for the reasons or causes provided in Sections 6–36 and 7–16, in the manner hereinafter provided. . . . If the dismissal or removal is for any other

47

reason or cause it shall not become effective until approved by a majority vote of all members of the board upon specific charges and after a hearing; if a hearing is requested in writing by the teacher within ten days after the service of notice as herein provided. Written notice of such charges shall be served upon the teacher at least sixty days before the effective date of the dismissal or removal . . ."

Under Section 6–36 [Ill. Rev. Stats. 1953, Ch. 122, § 6—36] the board of school directors has the power "to dismiss a teacher for incompetency, cruelty, negligence, immorality or other sufficient cause."

Section 7–7 of the Code [Ill. Rev. Stats. 1953, Ch. 122, § 7—7] provides that the "Board of Education has all the duties of school directors as set forth in Article 6."

Section 7–16 of the Code [Ill. Rev. Stats. 1953, Ch. 122, § 7—16] gives the Board "power to dismiss and remove any teacher, whenever, in its opinion, he is not qualified to teach, or whenever, in its opinion, the interests of the schools require it, subject, however, to the provisions of Sections 24–2 to 24–7, inclusive."

Plaintiff while conceding that the Board followed the form of procedure required by the Tenure Act, argues that the notice of dismissal was defective in failing to recite the specific reasons which moved the Board to decide that the best interests of the school required plaintiff's dismissal.

In the notice served upon plaintiff, the reasons given for his dismissal were (1) because the best interests of the school required it and (2) that due to his uncontrollable temper, he had failed to cooperate properly with the administrators, his fellow teachers and the students of the school.

Where a Board of Education dismisses a teacher on the ground that the interests of the school require such action, the dismissal is for one of the causes

48

specified in Section 7–16 of the School Code. There can be no dispute as to the fact that plaintiff was entitled to notice as to the cause or causes for his removal. It follows that since he was notified that the Board was of the opinion that the interests of the school required his dismissal, there is no basis for the complaint that the Board did not rely upon a sufficiently specific cause. Such conclusion appears to find support in the opinion of the court in Hartmann v. Board of Education, 356 Ill. 577, where it was said:

"We believe that a proper interpretation of the power of boards of education gives to them the power of removal and dismissal of teachers for cause and was not intended to bestow upon them power to arbitrarily or without cause dismiss teachers from their employment, and that the power to dismiss and remove any teacher 'whenever, in the opinion of the board of education, he is not qualified to teach, or whenever, in the opinion of the board of education, the interests of the schools may require it,' is but the specification of another cause of removal."

■ Under the various sections of the School Code to which we have referred, a board of education in exercising its power to dismiss a teacher, is not confined to situations where certain specified causes exist. In addition to the power to dismiss for incompetency, cruelty, negligence, immorality and lack of qualifications, a board may also dismiss a teacher for other sufficient cause or whenever in its opinion the interests of the school require it. As to what may constitute "other sufficient cause" the Code appears to be silent.

■■ Under these circumstances, determination as to whether failure of plaintiff to cooperate properly with the other teachers and students of the school as charged in the notice constituted a cause for dismissal was left to the discretion of the board. The rule applicable here is that given by the court in Joyce v. Board

of Education of Chicago, 325 Ill. App. 543 where it is said:

"The question as to who shall determine what constitutes cause has frequently been presented to the court, and the rule to be deduced from the authorities is that where the statute is silent as to what constitutes cause, the right to determine the question is in the tribunal having jurisdiction of the particular officer or employee."

The board in the exercise of its discretionary power, having determined that the charge specified in the notice constituted sufficient cause for a dismissal of plaintiff, this Court is without power to override its judgment in that regard. As the court said in Muehle v. School Dist. No. 38, 344 Ill. App. 365:

"Appellant further contends that the evidence furnished by appellees is insufficient to show any grounds for dismissal. In this, we cannot agree. Even if it be assumed, for the moment, that a valid employment contract existed in this case, the applicable Illinois Statute (ch. 122, par. 6—36, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 123.810]) would require a conclusion contrary to that contended for by appellant. School directors are vested by that statute with authority to dismiss a teacher for, among other specified grounds, 'other sufficient cause.' It is axiomatic that such authority vests a discretion trammeled only by proof of that discretion's abuse."

Further, it may be observed that there appears to be no foundation for plaintiff's complaint that the charge of failure to cooperate was not made sufficiently specific in the notice. The record discloses that plaintiff requested and was furnished a bill of particulars which detailed numerous incidents alleged to be the basis of the charge made in the notice.

■ We think that in the notice the charges were made sufficiently specific to apprize plaintiff of the

nature thereof and afforded him an opportunity to defend against the same.

Plaintiff further contends that the decision of the board is against the manifest weight of the evidence. In arguing for this proposition, it is pointed out that the board improperly refused to consider plaintiff's written contract entered into in May 1954; that the board erroneously heard and considered evidence as to matters occurring during plaintiff's employment in years prior to that beginning September 1, 1954; that if causes for dismissal existed prior to May 1954, then the board would not have renewed plaintiff's contract and engaged him to teach for another year; that the board having given plaintiff his September 1954 contract, should have been restricted in determining if there was cause for his dismissal to evidence as to his conduct as a teacher under such contract; that the record indicates no violation of plaintiff's contract but shows that he was discharged as the result of an incident occurring on September 2, 1954; that such incident was trivial in its nature and would be insufficient to constitute a basis for dismissing plaintiff.

No attempt will be made herein to detail at length the evidence in the record. It is sufficient to observe that witnesses testified concerning numerous meetings during the school year 1952–1953 between the teachers' committee of the board and plaintiff; that these meetings were occasioned by complaints to the committee of the inability of plaintiff to maintain discipline in his classes and of numerous displays of temper on his part; that these complaints were discussed with plaintiff; that plaintiff admitted suffering from a nervous condition; that he promised the board he would see a doctor relative to such condition; that his condition did not improve and that he made no report to the board as to whether or not he had sought medical treatment. A substantial amount of testimony

51

appears to have been given by faculty members and students as to the conduct of plaintiff during the school year 1953–1954. This testimony tends to show plaintiff to have been emotional and nervous and to have indulged in numerous outbursts of temper and that he did not maintain discipline in his classes. In general the testimony of the administrative heads of the school and the members of the board reflect an endeavor on their part to assist plaintiff in remedying his emotional condition. There is also testimony that at a school teachers' meeting held on the 2nd day of September, 1954, which was the first day of the new school year, plaintiff, while discussing administrative policies with the principal and superintendent, became very nervous, emotional and angry and indicated strong disagreement with an order of the principal relative to disciplinary policy.

Before proceeding to any definite conclusion as to whether the decision of the board is manifestly against the weight of the evidence, consideration must be given to plaintiff's contention that because he was employed under a written contract to teach beginning September 1, 1954, evidence as to matters occurring prior to that date should not have been considered by the board.

Plaintiff argues that he was employed under a written contract and not tenure and that it was therefore incumbent upon the board to show a breach of such contract. This argument apparently proceeds from a misconception of the function of the Teacher Tenure Law. The purpose underlying the enactment of this particular legislation is pointed out by the Supreme Court in Donahoo v. Board of Education of School Dist. No. 303, 413 Ill. 422, where it is said:

"The Teacher Tenure Law was enacted primarily for the protection of Illinois teachers who, prior to its enactment in 1941, served at the pleasure of the boards

52

of directors of education. Its object was to improve the Illinois school system by assuring teachers of experience and ability a continuous service and a rehiring based upon merit rather than failure to rehire upon reasons that are political, partisan or capricious. (Betebenner v. Board of Education, 336 Ill. App. 448)."

Admittedly, plaintiff was a teacher in contractual continued service. Upon being served with notice of the charges made against him, he requested a hearing in accordance with the provisions of the Tenure Law. This would seem to dispel any doubt concerning the fact that he regarded himself as a Tenure teacher. He rightly sought and received a hearing and admits in his brief that the board followed the procedure set out in the Tenure Law. Having entered upon contractual continued service, his employment as a teacher in the defendant district could have continued, barring dismissal, until the end of the term following his 65th birthday. Employment subsequent to that time would be on an annual basis. (Section 24–2 of the School Code [Ill. Rev. Stats. 1953, ch. 122, § 24— 2]). Thus it is apparent from the Tenure Law and consistent with its purpose of assuring teachers of experience and ability a continuity of service that in applying said Law, the employment of those qualified thereunder is not regarded as being on an annual basis.

On the hearing, the question before the board was whether the service of plaintiff as a teacher should be terminated for the reasons or causes set out in the dismissal notice. Evidence bearing upon such issue, whether pertaining to an incident occurring on the 2nd day of September, 1954 or during prior years of plaintiff's service, was properly admitted and considered by the board. The board was concerned only with the question as to whether there was sufficient

53

cause for plaintiff's dismissal, and on such questions his written contract was immaterial.

The Administrative Review Act provides that upon review, the findings and conclusions of the administrative agency shall be held to be *prima facie* true and correct. It is only where its decision is without substantial foundation in the record or manifestly against the weight of the evidence that the same will be set aside. Drezner v. Civil Service Commission, 398 Ill. 219; Community Consolidated School District v. County Board, 7 Ill.App.2d 98; Meridith v. Board of Education, 7 Ill.App.2d 477.

When all of the evidence in the record is considered, this Court cannot say that the board's decision is contrary to the manifest weight thereof. Likewise, we are unable to agree with plaintiff's contention that his dismissal constituted a capricious action by the board provoked by the single incident of September 2, 1954. On the contrary, the evidence indicates that the conduct of plaintiff as a teacher had been a subject of no little concern to the board for more than a year prior to its decision to dismiss him; that in dealing with complaints as to plaintiff's conduct, the board appears to have exhibited an attitude of patience and evidenced willingness to cooperate with plaintiff in an attempt to remedy the defects giving rise to such complaints. There would appear to be no basis for the argument that the record indicates that the board acted impulsively and capriciously. The limits within which a court may properly interfere with the judgment of a school board that the best interests of the schools of its district will not permit the retention of a particular teacher has been recognized in many cases. In Meridith v. Board of Education, supra, we find the court commenting on the general authority of courts to interfere with discretionary decisions of school boards in this language:

54

"It was peculiarly a province of the Board of Education in the exercise of its discretion to determine whether the outside activities of the appellant had progressed to such an extent as to interfere with the performance of his duties as a member of the teaching staff of the educational institutions under its direction. The best interest of the schools of the district is the guiding star of the Board of Education and for the courts to interfere with the exercise of the powers of the Board in that respect is unwarranted assumption of authority and can only be justified in cases where the Board has acted maliciously, capriciously and arbitrarily."

Upon a careful review of all the evidence in the record, we are of the opinion that the decision of the board is not against the manifest weight of the evidence and that the Trial Court did not err in affirming such decision.

For the reasons indicated, the judgment of the Circuit Court of Macoupin County is affirmed.

Affirmed.