Joseph Jepsen, Plaintiff-Appellee, v. Board of Education of Community High School District No. 307, Kankakee County, Illinois, Defendant-Appellant.

Gen. No. 11,153.

Second District, Second Division.
October 16, 1958.
Released for publication November 3, 1958.

Butz, Blanke & Stith, of Kankakee, for defendant-appellant.

Rugen, Ligtenberg & Goebel, of Chicago (John Ligtenberg, of counsel) for appellee.

PRESIDING JUSTICE CROW delivered the opinion of the court.

The appellant, Board of Education of Community High School District No. 307 of Kankakee County, de-

fendant in the trial court, brings this cause by appeal from the Circuit Court of Kankakee County, heard there under the Administrative Review Act (Ill. Rev. Statutes, 1955, Chapter 110, Secs. 264–279).

The Circuit Court reviewed an administrative decision of the defendant, Board of Education, dismissing the plaintiff, Joseph Jepsen, as a teacher in the Bradley-Bourbonnais High School after a hearing held pursuant to the Teacher Tenure Law (Illinois Rev. Statutes, 1955, Chapter 122, Secs. 24—1 to 24—8).

Thereafter, the trial court found that the dismissal of the plaintiff, Joseph Jepsen, by the defendant, Board of Education, was erroneous and void and by final judgment reversed and set aside the dismissal.

It appears from the record that the plaintiff had been employed by the defendant, Board of Education, for a number of years as a teacher. At various times his additional duties included coaching athletic teams and driving a school bus. On March 28, 1956, the defendant, Board of Education, delivered to the plaintiff a notice of dismissal as required by the provisions of the Teacher Tenure Law setting forth as the reason for his discharge, to-wit: that the best interest of the school required it. Six charges upon which the dismissal was founded were set out in the notice. Thereupon the plaintiff, pursuant to the Teachers' Tenure Law requested and was granted a public hearing.

It is urged for reversal that the record and proceedings show: (1) that sufficient cause for the dismissal of the teacher did exist; (2) that the determination by the defendant, Board of Education, that the interests of the school, required the dismissal of the plaintiff was made in the exercise of a discretion vested in it by The School Code and may be set aside only upon proof of abuse of that discretion; (3) there was no abuse of discretion and (4) that the trial court erred in reversing and setting aside the final decision of the defendant, Board of Education, particularly since it

made no finding that the defendant abused the discretion in it vested or that the decision was manifestly against the weight of the evidence.

The plaintiff, arguing that the decision of the trial court is correct and should be upheld, contends that: (1) the charges against him were not sufficient in law to warrant his dismissal and were not supported by the evidence, (2) the defendant, Board of Education, abused its discretion and there was no evidence to support its decision, and (3) the manifest weight of the evidence is in favor of the plaintiff.

Section 7—16 of the School Code (Illinois Revised Statutes, 1955, Chapter 122, paragraph 7—16) gives the defendant, Board of Education, "power to dismiss and remove any teacher, whenever, in its opinion, he is not qualified to teach, or whenever, in its opinion, the interests of the schools require it, subject however to the provisions of Sections 24—2 to 24—7, inclusive. . . ." The controlling question in this case is whether sufficient cause for dismissal of the plaintiff did exist and is shown by the record.

■ ■ Our first consideration is whether the charges, findings and report here for review constitute sufficient cause within the meaning of Section 7—16 of the School Code to warrant dismissal of the plaintiff. It is for the Board of Education to determine in the first instance what in its opinion is cause for dismissal but it may not make an arbitrary and unreasonable rule in this respect. In Murphy v. Houston (1928) 250 Ill. App. 385, the court defined cause to mean "some substantial shortcoming which render continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as good cause for his not longer occupying the place." The rule as laid down is in harmony with Throop on Public Officers (Book III, Chapter XVI); Chicago v. Condell (1905) 124 Ill. App. 64;

Heaney v. Chicago (1904) 117 Ill. App. 405; Joyce v. Chicago (1905) 120 Ill. App. 398, affirmed 216 Ill. 466; Chicago v. Gillen (1906) 124 Ill. App. 210; Joyce v. Board of Education of Chicago (1945) 325 Ill. App. 543. The question as to who shall determine what constitute cause has frequently been presented to the courts of this state and the rule to be deduced from the authorities is that where the statute is silent, as in the instant case, as to what constitute cause, the right to determine the question is in the tribunal having jurisdiction of the particular officer or employee. (Joyce v. Board of Education of Chicago, 325 Ill. App. 543; Pearson v. Board of Education, Community Unit School Dist. No. 5, Macoupin County (1956) 12 Ill.App. 2d 44.)

Of the six charges specified against the plaintiff, three, specifically the first, fifth and sixth were found to be true, namely:

(a)  Plaintiff had been disrespectful of the Board of Education and the principal of the school;

(b)  Plaintiff incited misunderstanding and distrust of the superintendent or principal and the athletic coaches by stating to officials of other schools that the football coach did knowingly play an ineligible player in a football game;

(c)  Plaintiff wilfully and without justification accused the school principal of concealing or attempting to conceal the ineligibility of the football player.

■ Upon review, the Administrative Review Act provides that the findings and conclusions of the administrative agency shall be held to be prima facie, true and correct. It is only where its decision is without substantial foundation in the record or is manifestly against the weight of the evidence that the same will be set aside. (Drezner v. Civil Service Commission (1947) 398 Ill. 219; Community Consolidated School Dist. No. 201 of La Salle County, Ill. v. County Board

208

of School Trustees of La Salle County, Ill. (1955) 7 Ill.App.2d 98; Meredith v. Board of Education of Community Unit School Dist. No. 7 Christian County, Ill. (1955) 7 Ill.App.2d 477.)

The testimony establishes that the plaintiff, in addition to teaching for the district, had coached athletics. He was relieved of his coaching duties in April of 1955. On direct examination he testified that he was "kind of bitter of the dismissal" he had gotten as far as athletics were concerned. There was doubtful co-operation between the plaintiff and the faculty and administration, apparently from feelings on both sides. The plaintiff had expressed the opinion to other employees of the district and to a son of one member of the Board of Education that the members of the Board of Education were not qualified as to education, background and standing in the community to be members of the Board. He was not on speaking terms with the athletic coaches who succeeded him, and had no conversations with the principal except to ask him pointed questions.

The organization of school bus routes and courses of travel were under the supervision of the principal. He assigned the plaintiff as a driver. During the performance of the plaintiff's duties as a driver, a crowded passenger situation developed. Instead of reporting the matter to his principal, the plaintiff made complaint to the County Superintendent of Schools who had no connection with the bus assignment.

Of greater significance are the statements made by the plaintiff at a teacher's institute at Kankakee on October 17, 1955. There in the presence of a school principal and two of his teachers, the plaintiff initiated a conversation about the eligibility of a football player on the Bradley-Bourbonnais team. In the course of the conversation he stated that both the football coach and the principal knew of the ineligibility and the players had been approached to keep the matter quiet.

209

On the same day the plaintiff in a conversation with a second school superintendent and two other coaches repeated that Bradley-Bourbonnais was playing an ineligible player and that the Bradley-Bourbonnais coach knew of the ineligibility when the player was used in the game.

The plaintiff, on cross-examination, admitted he had not discussed the matter of the alleged ineligible football player with his principal, any administrative officer of the school or district, any member of the Bradley-Bourbonnais coaching staff or member of the defendant, Board of Education, prior to the conversation at the teacher's institute.

As we view this case, the issue of the eligibility of the football player is one of secondary concern. What is more important is the attitude or action of the plaintiff upon learning of the alleged interscholastic infraction. These were serious accusations involving the professional reputations of the coach and principal, the reputation of the school and the relationship of the school with other schools particularly those with which it engaged in athletics. That they were serious accusations was readily admitted by the plaintiff and confirmed by other witnesses.

There can be no doubt that if a teacher is aware of a censorable infraction of interscholastic athletic regulations by his school he should seek to correct it. However, promotion of the best interests of his school dictates he would first call it to the attention of the coaches and of his principal or superintendent of his school, and, failing action there, call it to the attention of the Board of Education, and then, if necessary, make a formal protest or report to the proper officials of the Illinois State High School Athletic Association.

Perhaps each of the incidents and attitudes considered separately and independently could not be considered as momentous. Each is, however, significant, since the defendant, Board of Education, charged

210

and found that the best interest of the school required the plaintiff's dismissal. And in view of the foregoing we must conclude that the defendant, Board of Education, was well within its rights in apparently determining, in the first instance, until final hearing, that the charges, particularly when considered as a whole, were not remediable.

When all the evidence in the record is considered this Court cannot say that the Board's decision is contrary to the manifest weight thereof. Likewise, we are unable to agree with the plaintiff's contention that the defendant, Board of Education, abused its discretion. On the contrary, the evidence indicates that the charges against the plaintiff were sufficiently made out to warrant his dismissal, and are supported by the evidence. There is nothing in the record to indicate malice on the part of the Board members toward the plaintiff. There would appear to be no basis for the argument, nor does the record indicate, that the Board acted impulsively and capriciously. The limits within which a court may properly interfere with the judgment of a school board that the best interest of the schools in a particular district will not permit the retention of a particular teacher, have been recognized in many cases. In Meredith v. Board of Education of Community Unit School Dist. No. 7 Christian County, Ill. (1955) 7 Ill.App.2d 477, we find the court commenting on the general authority of courts to interfere with discretionary decisions of school boards in this language:

"The best interest of the schools of the district is the guiding star of the Board of Education and for courts to interfere with the exercise of the powers of the Board in that respect is unwarranted assumption of authority and can only be justified in cases where the Board has acted maliciously, capriciously and arbitrarily."

211

■ Upon a careful review of all the evidence in the record, we are of the opinion that the decision of the defendant, Board of Education to dismiss the plaintiff, Joseph Jepsen, confirmed and approved by resolution and order adopted May 17, 1956, is not against the manifest weight of the evidence and should not have been set aside by the Circuit Court.

For the reasons indicated, the judgment of the Circuit Court is reversed and the final administrative order of the defendant, Board of Education, is affirmed.

Judgment of the Circuit Court reversed.

Final administrative order of the defendant-appellant affirmed.

SOLFISBURG and WRIGHT, JJ., concur.