Dorothy H. Scott, Plaintiff-Appellee, v. Board of Education of Alton, Com. Unit School Dist. No. 11, et al., Defendants-Appellants.

Term No. 58–O–24.

Fourth District.

January 31, 1959.

Released for publication February 18, 1959.

R. W. Griffith, Jr., of Alton (K. F. Kelly, of counsel) for defendants-appellants.

Mondhink, Mosele and Wiseman, and W. H. Thomas, all of Alton, for plaintiff-appellee.

JUDGE SCHEINEMAN delivered the opinion of the court.

This appeal is from a judgment entered on Administrative Review, which reversed the action of the defendant, Board of Education, in dismissing the plaintiff from the position of teacher. Prior thereto the Board had given plaintiff notice of its charges, hereafter mentioned, and at her request held a public hearing, at which testimony was received. The charges were:

"A. That it is the opinion of the Board that the suspension and discharge become effective because the best interests of the school require it.

"B. Due to your reputed conduct and outside activities inimical to the best interests of the School District, and to your reputation, character, good standing and respect within the school system, among your fellow teachers and students.

"C. Due to your repeated and recurrent arrests as follows: Here were set forth four arrests, with dates and the charges, the last three involved intoxication.

"D. Due to your aforesaid reputed conduct you have failed to have proper cooperation with your administrators, your fellow teachers and the students."

At the hearing, three police officers testified to different times they had arrested the plaintiff, and that she was intoxicated at those times, the last two being within the past school year. Their descriptions included statements that plaintiff's clothing, general appearance and hair were mussed, breath strong with liquor, equilibrium abnormal, speech vague, had to have assistance to keep from falling. On one occasion she spent the night in jail and missed three days of school. There was some other testimony that she had been seen unkempt, and that the arrests had been discussed by parents, teachers and pupils.

The plaintiff testified in her behalf that she was not intoxicated, that she had some drinks on the occasions cited, but only in small amounts. The school principal testified she was an excellent teacher, she had a good reputation, he had not observed any lack of discipline or lack of respect for her in class or on the playground. Several parents testified in her favor, and urged she be retained. Cross examination brought out that some had heard the arrests talked about, and had read of them in the paper. One said it was on the front page and everybody knew about it.

The trial court decided that the charges in the notice were not sufficiently specific to comply with the statute, and that there was no showing of incompetence as a teacher.

The school law requires that notice be given a teacher of the specific charges, and to afford a hearing on request. Subject to these restrictions, the Board is given authority "to dismiss and remove any teacher, whenever, in its opinion, he is not qualified to teach, or whenever, in its opinion, the interest of the schools require it," etc. Ch. 122 Ill. Rev. Stat., Sec. 7—16.

It has been repeatedly held that lack of qualifications as a teacher is not the only "cause" for dismissal under the above law. The interests of the school may

require it for other reasons. In Pearson v. Board of Education Community Unit School Dist. No. 5, 12 Ill.App.2d 44, it was held: "Where a Board of Education dismisses a teacher on the ground that the interests of the school require such action, the dismissal is for one of the causes specified in Section 7–16 of the School Code." The court further held that a notice stating that ground was sufficiently specific.

█ In proceeding under the clause in question, the statute gives no definition of the type of cause to be deemed to be sufficient. The statute being silent, the right to determine the question is in the tribunal having jurisdiction of the particular officer or employee. Joyce v. Board of Education of Chicago, 325 Ill. App. 543; Jepsen v. Board of Education of Community School Dist. No. 307, 19 Ill.App.2d 204, 153 N.E.2d 417.

The case last cited involved a teacher dismissed because of outside activities. In sustaining that action the court quoted from Meridith v. Board of Education of Community Unit School Dist. No. 7, 7 Ill.App.2d 477, 130 N.E.2d 5, as follows:

"The best interest of the schools of the district is the guiding star of the board of education and for courts to interfere with the exercise of the power of the board in that respect is an unwarranted assumption of authority and can only be justified in cases where the board has acted maliciously, capriciously and arbitrarily."

█ However, the discretion thus vested in the Board is not to be exercised arbitrarily or without cause. Hartmann v. Board of Education Westville Tp. High School Dist. No. 220, 356 Ill. 577. In passing upon this question, the court must recognize the findings of the administrative agency as prima facie true and correct. It is only where its decision is without substantial foundation in the record or is manifestly against the weight of the evidence that it will be set aside. Mer-

295

idith v. Board, etc., 7 Ill.App.2d 477, 130 N.E.2d 5; Jepsen v. Board, etc., 19 Ill.App.2d 204, 153 N.E.2d 417.

■ Considering these rules in application to this case, it is obvious that the notice apprised plaintiff that she was not dismissed because of incompetence as a teacher, that the interests of the school required her dismissal, because of her outside activities, specifically, arrests for intoxication, and the repute thereof. Accordingly, the notice was adequate.

The record before the Board disclosed that the plaintiff had been on the public streets in an intoxicated condition, that this course of conduct was a continuing one, that it had received publicity, and was the subject of talk in the community. The findings of the Board that the incidents occurred, and that they were publicly known, are supported by substantial evidence. It is plain the dismissal was not simply because plaintiff had consumed intoxicants.

■ It is the opinion of this court that a teacher is something of a leader to pupils of tender age, resulting in admiration and emulation, and that the Board might properly fear the effect of social conduct in public, not in keeping with the dignity and leadership they desired from teachers. Therefore, the decision was not without foundation, nor contrary to the manifest weight of the evidence, and this court cannot hold the decision should be set aside. The judgment of the Circuit Court is reversed.

Judgment reversed.

BARDENS, P. J. and CULBERTSON, J., concur.