JERRY D. WELCH, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF BEMENT COMMUNITY UNIT SCHOOL DISTRICT NO. 5 OF PIATT COUNTY, Defendant-Appellee.

Fourth District   No. 13576

Opinion filed January 13, 1977.

Drach, Terrell and Deffenbaugh, of Springfield, for appellant.

Thomas R. Miller, of Monticello, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

This appeal is from a decision affirming, on administrative review, the action taken by defendant Board of Education with respect to the plaintiff's employment as a tenured teacher. On February 19, 1975, defendant Board of Education suspended and dismissed the plaintiff on charges the Board considered irremediable. The charges against plaintiff stemmed from an incident involving the administration of corporal punishment to one of plaintiff's students. The issues raised require a statement in some detail of the facts leading up to that discharge.

On February 13, 1975, Matthew Somers, an 11-year-old 6th grade student, was playing his radio during the lunch hour. This was in direct defiance of the plaintiff's rule and for its violation, plaintiff administered a paddling to Matthew. After the paddling, Matthew walked down the school hallway with his friend Dana Foran. The two boys were discussing an upcoming social studies' report when they were approached by

Matthew's younger brother, Tim, who asked Matthew if the paddling had hurt. The older boy smiled and shrugged his shoulders. After Tim left, Dana also asked Matthew if the paddling hurt and Matthew's response was to say that it stung. Plaintiff observed the boys talking and asked both Dana and Matthew what was said. Upon hearing Matthew had smiled and said the paddling only stung, he responded, "Somers is a big man. We'll make it hurt." Plaintiff thereafter administered another paddling to Matthew Somers. The first paddling consisted of four strokes and the second, five. The time span between the two paddlings was approximately 20 minutes.

Upon his return home from school that day, Matthew's mother ordered him to show her his buttocks after an older brother alerted her to the incident. His buttocks were beet red and, the next day, bruises appeared. Mrs. Somers took color photographs of the marks and those pictures were entered into the record at the hearing held by the Board of Education. Mr. Somers had complained about the severity of the beating to the members of the Board and the school superintendent. Matthew stayed in school the day of the paddling and attended school every day thereafter. The Somers' family physician examined the boy and determined that no significant damage had been done, but that he would be tender for a few days.

In 1974, the Board of Education of Bement Community Unit School District No. 5 adopted a detailed policy regarding corporal punishment in its schools. Such punishment is allowed to discipline disobedience or misconduct only. When inflicting corporal punishment, Bement teachers must have another adult observer present and explain to the student why the punishment was given after it is received. The punishment may not exceed "what is reasonable and moderate under the circumstances" nor may it be disproportionate to the offense. Teachers are directed to maintain a cooling-off period between the time of the offense and the punishment whenever possible. The first paddling here met all of these criteria. The second did not. Not only was no cooling-off period observed, no explanation was given to Matthew Somers after the punishment was inflicted. While the first paddling was given for disobedience, the second can be justified only for alleged misconduct. That, however, is defined in the 1974 Board's statement of policy as "conduct which interrupts the orderly process of school affairs or conduct which is harmful and unsafe to pupils, faculty, school employees, or the school itself." Matthew Somers was not guilty of misconduct as thus defined.

■■ Section 122 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12) sets forth the procedure that must be followed in the dismissal of a tenured teacher for cause. The compliance with this procedure is

jurisdictional in that absent its use, the Board of Education has no jurisdiction to dismiss a tenured teacher. (*Paprocki v. Board of Education* (1975), 31 Ill. App. 3d 112, 334 N.E.2d 841.) One requirement is that before a tenured teacher may be dismissed for cause, a written warning, stating specifically the causes which, if not removed, may result in charges being brought against him or her must be given. This warning is not required if the cause for discharge is irremediable.

> "A cause for dismissal is irremediable where damage has been done to the students, the faculty or the school itself and the damage could not have been corrected if warnings had been given by the teacher's superiors when they learned of the cause." *Wells v. Board of Education* (1967), 85 Ill. App. 2d 312, 315-16, 230 N.E.2d 6, 8.

■■ In the assumption of jurisdiction, a board of education must make an initial finding of whether the charges for which a discharge is contemplated is remediable or irremediable. That decision, as well as the decision to terminate the teacher, may be reviewed on administrative review.

> "Upon review, the Administrative Review Act provides that the findings and conclusions of the administrative agency shall be held to be prima facie, true and correct. It is only where its decision is without substantial foundation in the record or is manifestly against the weight of the evidence that the same will be set aside." *Jepsen v. Board of Education* (1958), 19 Ill. App. 2d 204, 208, 153 N.E.2d 417, 419.

The question of remediability here may be approached from two directions. If a warning was given, it is true that the teacher could have had the opportunity to bring his future conduct within the parameter of the stated Board policy. But it is also true that no amount of warning to the teacher may remedy the damage done to the student by the violation of the known school policy. That damage is irremediable. In *Fender v. School District No. 25* (1976), 37 Ill. App. 3d 736, 347 N.E.2d 270, a tenured teacher was discharged for his administration of corporal punishment. The court there took the second approach to the question of remediability and said:

> "The damage was done and the injury could not be repaired or remedied." 37 Ill. App. 3d 736, 742, 347 N.E.2d 270, 276.

■■ A board of education, like other administrative bodies, is free to adopt whichever of these two approaches it decides to use. Its finding of irremediability may not, however, be contrary to the manifest weight of the evidence. Here, there was sufficient evidence of irremediable damage to the student. The Board's determination that the cause for plaintiff's discharge was irremediable was not contrary to the manifest weight of the evidence.

■■ Likewise, we find sufficient evidence in the record to support the charge against the plaintiff that he violated the strictures of the Child Discipline Policy of the Board of Education. The second paddling here was administered without the requisite cooling-off period. There was no cause for the paddling within the definition of misconduct enumerated in the Board policy. No explanation of the reasons for the punishment was ever given to Matthew Somers. In addition, it could also be argued that the punishment inflicted here was so severe as to be unreasonable and therefore in contravention of the published policy of the school board.

■■ The determinations by the school board are supported by this record and were not against the manifest weight of the evidence. The trial court properly affirmed the administrative decision and the judgment of the circuit court is affirmed.

Judgment affirmed.

MILLS and REARDON, JJ., concur.