**Frank Yuen, Plaintiff-Appellee, v. Board of Education of School District No. 46, Kane, Cook and DuPage Counties, Illinois; Ashley Arnold, et al., Constituting the Board of Education of School District No. U–46, Defendants-Appellants.**

Gen. No. 66–6.

Second District.

December 22, 1966.

Carbary, Carbary & Chapski, of Elgin, for appellants.

Eugene T. Devitt, of Chicago, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

Plaintiff-appellee Frank Yuen was a tenured teacher with the defendant-appellant School District No. 46. His duties were teaching physical education in the various elementary schools of the school system. He was also vice-president of the Elgin Teachers Association.

Following a series of incidents upon complaints, the Board of Education on June 15, 1964, passed a resolution dismissing Frank Yuen from employment as a teacher as of November 2, 1964. A copy of the resolution and a bill of particulars were forwarded to Yuen by registered mail. Yuen thereupon requested a public hearing and a lengthy hearing was conducted by the Board of Education under the Teacher's Tenure Act, c 122, § 24–12, Ill Rev Stats (1963). At the conclusion of the hearing the Board

of Education passed a resolution and order confirming Yuen's dismissal.

Yuen filed a complaint for review under the Administrative Review Act in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois. The Circuit Court reversed the Board of Education, reinstated Yuen as a teacher and entered judgment in his favor in the amount of $7,500. This appeal follows:

The certain charges of misconduct upon which the dismissal hearing was held were as follows:

1. On January 11, 1964, said teacher was assigned to coordinate the Seventh Grade basketball game at Larsen Junior High School and help the High School Referee when needed. However, he was in the Multi-Purpose Room meeting with members of the E. T. A.

2. On May 11, 1964, said teacher failed to appear at a track meet, Abbott and Ellis Schools.

3. Said teacher used certain typewriting equipment in the Physical Education Department after being requested not to use the same.

4. On April 16, 1964, said teacher was absent from his duties despite his requests to the Superintendent of Schools and this Board and their denial of the same.

5. On April 25, 1963, said teacher embarrassed and humiliated Mrs. Edith Morgan, another teacher, by raising his voice against her in the presence of other teachers.

6. That on the afternoon of March 23, 1964, said teacher was absent from his duties at the Streamwood Elementary School without properly notifying his superiors.

Yuen either denied or offered evidence for the purpose of excusing each of the charges. We feel it necessary to

consider only one of these charges; that of his being absent from his duties on April 16, 1964, despite his requests to the Superintendent of Schools and the Board of Education and their denial of the same.

It appears that on March 16, 1964, Yuen submitted a request to his superior to be absent on April 16 and 17, 1964, so that he could attend the Illinois School Problems Commission hearing in DeKalb on April 16 and the National Department of Classroom Teachers meeting at Rockford on April 16 and 17. This request was denied because the meetings were not related to physical education and there was no substitute teacher in the system who could take over his duties for the day.

On April 10, he addressed a letter to the Superintendent and Board of Education again requesting absence to attend the School Problems Commission. On April 15, he was advised that his request was again denied. Notwithstanding this ruling Yuen left his work and attended the DeKalb Seminar.

■ The evidence showed that Yuen's duties as physical education teacher took him to each school once every three weeks. As the result of his violation of the ruling of the Board of Education between 160 and 175 children were denied the benefit of his teaching that day. This misconduct on his part, regardless of any other violations with which he was charged, is sufficient to sustain the dismissal.

Under the Illinois School Code, c 122, § 10–22.4, Ill Rev Stats (1963), the School Board has the power:

> "To dismiss a teacher for incompetency, cruelty, negligence, immorality or other sufficient cause and to dismiss any teacher, whenever, in its opinion, he is not qualified to teach, or whenever, in its opinion, the interests of the schools require it. . . ."

As stated in Meridith v. Board of Education of Community Unit School Dist. No. 7, Christian County, Ill., 7 Ill App2d 477, 130 NE2d 5 (1955), at page 486:

"The best interest of schools of the district is the guiding star of the Board of Education and for the courts to interfere with the exercise of the powers of the Board in that respect is unwarranted assumption of authority and can only be justified in cases where the board has acted maliciously, capriciously and arbitrarily."

See also Scott v. Board of Education of Alton Community Unit School Dist. No. 11, 20 Ill App2d 292, 295, 156 NE2d 1 (1959); Pearson v. Board of Education, Community Unit School Dist. No. 5, Macoupin County, Ill., 12 Ill App2d 44, 49, 138 NE2d 326 (1956).

Yuen contends that the denial of his requests to be absent April 16, 1964, amounted only to a refusal to pay him for the time that he was to be absent from his duties and not to an order for his attendance on that day. This contention is not supported by the letter which he wrote to the Board requesting the absence, in which he stated nothing about "release time," nor in the replies which he received, in which he was advised that the meetings did not pertain to physical education; that no substitute teacher was available and that the district was already being represented at the meeting. Yuen was hired and paid as a teacher. His activities with the Elgin Teachers Association should not be permitted to interfere with his teaching responsibilities. Yet, having expressly been denied his request for absence, he wilfully absented himself and neglected his teaching assignment for the day. This was in direct violation of the decision of the Board of Education regardless of whether or not he was paid for the day.

357

■■ Yuen also contends there was no showing that his misconduct was not remedial and that he should have been given a warning notice prior to discharge. The finding of the Board of Education that the cause was not remediable involved an exercise of judgment and is not to be reversed by the courts unless the finding is manifestly against the weight of the evidence. Meridith v. Board of Education of Community Unit School Dist. No. 7, Christian County, Ill., supra, at p 295; Keyes v. Board of Education of Maroa Community Unit School Dist. No. 2, 20 Ill App2d 504, 514, 156 NE2d 763 (1959); Last v. Board of Education of Community Unit School Dist. #321, 37 Ill App2d 159, 164, 185 NE2d 282 (1962); Jepsen v. Community High School Dist. No. 307, 19 Ill App2d 204, 208, 153 NE2d 417 (1958). The Board of Education found that the loss to the students from Yuen's absence and his intentional violation of a ruling of the Board were not remedial. Once the wilful violation occurred the damage was done and could not be remedied. This finding is not contrary to the manifest weight of the evidence.

Finally, Yuen attacks the procedures followed by the Board of Education during the dismissal hearing. Specifically, he charges as error his suspension pending the result of the dismissal hearing, undue restriction upon his attorney during cross-examination and the cross-examination of Yuen by the Board's attorney. We have reviewed the procedure followed by the Board of Education in conducting the hearing and find that it complied with the statutory requirements. Under the Teacher's Tenure Act the Board is the trier of the facts. The Board attorney may appear as an advocate at the hearing. He should not, and in this case did not, participate in the decision. The rulings on cross-examination by the two attorneys were not improper. Likewise, the suspension of the teacher during the pendency of the hearing is supported by statute.

358

In light of our ruling with respect to the misconduct on April 16, 1964, it is not necessary for us to consider the other charges against Yuen. The decision of the Circuit Court is reversed and remanded with instructions to affirm the decision of the Board of Education.

Reversed and remanded.

ABRAHAMSON and SEIDENFELD, JJ., concur.