Daniel BARSZCZ, Plaintiff,

v.

BOARD OF TRUSTEES OF COMMU-
NITY COLLEGE DISTRICT NO. 504,
COOK COUNTY, ILLINOIS, Defend-
ant.

No. 74 C 1687.

United States District Court,
N. D. Illinois, E. D.

Sept. 8, 1975.

Gilbert A. Cornfield, Kleiman, Cornfield & Feldman, Chicago, Ill., for plaintiff.

Marvin J. Glink, Ancel, Glink, Diamond & Murphy, P. C., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MARSHALL, District Judge.

Plaintiff, Daniel Barszcz, complains, in an action brought under 42 U.S.C. § 1983, that the action of defendant, Board of Trustees of Community College District No. 504, in terminating plaintiff's services as a tenured member of the faculty of Triton College violated the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. He seeks injunctive relief ordering his reinstatement and back pay. The action is ready for decision on the merits on a stipulation of facts which includes the record of proceedings before the defendant Board.

While defendant's amenability to suit is doubtful under 42 U.S.C. § 1983, *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973),[1] jurisdiction is present here under 28 U.S.

C. § 1331. Plaintiff's claim arises directly under the Fourteenth Amendment and the amount in controversy, measured primarily by plaintiff's claim for back and future wages, exceeds $10,000 exclusive of interest and costs. *City of Kenosha v. Bruno, supra; Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Defendant urges abstention by this court because Barszcz's dismissal can be reviewed by an Illinois court under the Illinois Administrative Review Act or by common law certiorari. Abstention is not required merely because a possible remedy under state law exists. *Drexler v. Southwest Dubois School Corp.*, 504 F.2d 836 (7th Cir. 1974). Rather, abstention is appropriate if the case presents both state and federal questions, can be decided on the basis of a state law issue, and the state law is unclear or uncertain. *Reetz v. Bozanich*, 397 U.S. 82, 86, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In this case, plaintiff has raised only federal constitutional issues. There are no ambiguous state law issues lurking in the interstices of his complaint. As a tenured teacher, Barszcz clearly had a property right in his job under Illinois law.[2] Moreover, Illinois courts have upheld the constitutionality of the Teacher Tenure Act, Ill.Rev.Stat., ch. 122, §§ 24–11, 24–12, which sets forth the procedures adopted by the parties and used to discharge Barszcz. *Pittel v. Board of Ed. of School Dist. 111, Cook County*, 20 Ill. App.3d 580, 315 N.E.2d 179 (1st Dist. 1974).

The material facts are undisputed. Plaintiff applied for a teaching position at Triton College early in 1969. At that time, he was enrolled in a masters de-

---

1. *But see Aurora Education v. Board of Education of Aurora*, 490 F.2d 431, 435 (7th Cir. 1973).

2. *Cf. Miller v. School Dist. No. 167, Cook County, Illinois*, 354 F.Supp. 922 (N.D.Ill.

1973), *aff'd* 495 F.2d 658, *rehearing denied*, 500 F.2d 711 (7th Cir. 1974). In *Miller*, the trial court abstained to allow a state court to decide whether a nontenured teacher had a property right in his job.

gree program at Illinois Institute of Technology. On his application form, he indicated that he would receive his masters degree in June, 1969. Barszcz had difficulty finishing his masters thesis, and failed to complete the required work in 1969. Nevertheless, he was hired as an instructor and subsequently achieved tenure status in the economics department in 1972.

Although Barszcz never received his masters degree, he wore a masters gown at several graduation ceremonies and accepted a salary consistent with that earned by Triton College teachers possessing masters degrees.

In the spring of 1974 the Triton College Administrators became aware of Barszcz's educational deficiency. On May 22, 1974, the defendant Board, without prior notice to Barszcz, passed a resolution dismissing him pursuant to the provisions of a 1972 contract between the Board and the Triton College Faculty Association which incorporates the dismissal procedure of the Illinois Teachers Tenure Act, Ill.Rev.Stat.1973, ch. 122, § 24–12.[3] The Board charged Barszcz with several specific acts of misrepresentation, which were allegedly irremediable and warranted his discharge: falsely stating when he would receive his degree on his application forms and in initial interviews, and of improperly accepting a salary meant for teachers with the masters degree; failure to inform the administration that his listing in the College's catalogue incorrectly indicated he possessed a masters degree; failure to inform the members of his department of his true academic credentials. After the Board passed the initial resolution, Barszcz was allowed to continue teaching until the end of the semester, June 15, 1974, and he was then dropped from the payroll.

Barszcz demanded a hearing before an "impartial forum." He was accorded a full evidentiary hearing of the complaints against him before the defendant Board which was conducted in July and August of 1974. At the hearing, Barszcz was represented by counsel and cross-examined the witnesses against him. The Board affirmed its initial resolution of dismissal and discharged Barszcz by majority vote on September 16, 1974.

### Pretermination Hearing

■ Barszcz first contends that he was denied procedural due process of law because he was not granted a hearing prior to his initial termination on May 22, 1974. As a tenured teacher, Barszcz had a legitimate entitlement to his job and can properly demand the minimal protections of procedural due process of law before being deprived of his job. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ The question is whether these minimal protections include a pretermination hearing, and the Supreme Court's opinions in *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), indicate that they do not. In *Arnett*, a nonprobationary federal employee was fired pursuant to the Lloyd-LaFollette Act, 5 U.S.C. § 7501, and attendant regulations, which provide for post-termination hearings. The Court held that the procedure was constitutionally permitted. Applying the analyses of the plurality and concurring opinions to Barszcz's discharge, it is clear that

---

3. The contract specifically provides:

E. DISMISSAL

1. Procedures which apply to dismissal of a permanent employee are those specified in Section 24–14 of the 1965 Illinois School Code. This section provides that the Board of Trustees may dismiss an instructor if a particular type of teaching service is discontinued. However, the Board of Trustees by a majority vote may dismiss an instructor in accordance with Section 10–22.4 of the 1965 Illinois School Code, i. e., for incompetence, cruelty, negligence, immorality, or other sufficient cause or whenever in its opinion the interest of the college requires it.

the lack of a predischarge hearing against Barszcz did not violate due process of law.

The plurality opinion for the Court, written by Justice Rehnquist, states that if a statute both authorizes the grant of tenure and sets forth the procedures for removing a tenured employee, these procedures are valid. To hold otherwise, Justice Rehnquist stated, would enable an employee to enjoy the benefits of the statute and yet challenge its procedures; the employee "must take the bitter with the sweet." 416 U.S. at 154, 94 S.Ct. at 1644. Under this analysis, Barszcz's rights were not violated because the contract between the Faculty Association and the Board, under which Barszcz worked, gained tenure and was terminated, incorporated the Teacher Tenure Act, Ill.Rev.Stat.1973, ch. 122, §§ 24–11, 24–12, and the Board followed the procedures prescribed by the Act.

Barszcz contends, however, that the Board did not follow the procedures of the Teacher Tenure Act. Specifically, he claims that the Board violated the section which provides that dismissal does not become effective until the Board approves it after a hearing. Barszcz contends that his dismissal was effective before the hearing because he was suspended without pay at the end of the semester.

■ The transcript of the hearing reflects confusion as to Barszcz's status between the end of the spring semester of 1974 and the hearing; his counsel said he was in "limbo status." Nevertheless, the court in *Yuen v. Board of Ed. of School Dist. No. U–46, Kane et al. Counties,* 77 Ill.App.2d 353, 222 N.E. 2d 570 (2d Dist. 1966), stated that a school board may suspend a teacher pending a hearing under § 24–12, and the conclusion follows that Barszcz's suspension was authorized by the statute and hence by the contract.

■ Because six justices rejected the view that a statute can define the extent of constitutional procedural protections an employee may claim, an analysis under the concurring opinions is appropriate. The concurring opinions of Justice White and Justice Powell indicate that the due process clause requires a balancing of the interests of the employer in expeditious removal of an unsatisfactory employee with the employee's interests in retaining his job pending final hearing. If the balance favors the employer's interests, the Constitution does not require a pretermination hearing. Applying this balancing test to the instant case, it is evident that the Constitution does not require a hearing before either the discharge resolution or Barszcz's actual suspension at the end of the semester. The Board's interest is substantial, and includes the need to avoid the expense and delay caused by imposing two hearings for each discharged employee and the need to avoid interruptions caused by removing a teacher in mid-semester. In addition, the Board had an interest in the expeditious removal of an employee whose alleged misrepresentations had a demoralizing effect on his associates.

Barszcz's interest in working during the interim does not outweigh those of the Board. Barszcz's loss is considerably less severe than the deprivation suffered by the welfare recipients in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), which were held to require a pretermination hearing. In addition, the interval between Barszcz's suspension and the commencement of the hearing was relatively short and part of the delay was due to his own request for a continuance. Finally, the deprivation was temporary because Barszcz would have been reinstated with back pay had he prevailed. Thus, under both the plurality and concurring analyses in *Arnett,* Barszcz was not entitled to a pretermination hearing.[4]

4. *Cf.* Case Comment, "Fear of Firing: Arnett v. Kennedy and the Protection of Federal Career Employees," 10 Harv.Civ. Rights-Civ.Lib.L.Rev. 472, 488–495, for a different appraisal of the interests of employee and employer in a comparable situation.

## Impartial Tribunal

 The second issue is whether Barszcz was denied the right to an impartial tribunal, guaranteed by the due process clause, because the same Board passed the initial resolution of termination against him and then conducted the evidentiary hearing which culminated in final termination. Due process of law mandates an unbiased and impartial administrative tribunal, but, for the following reasons, Barszcz's rights were not shortchanged by the procedure of the Board.

The Supreme Court recently considered the propriety of combining investigative and adjudicatory functions in administrative proceedings in *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). The Court stated that an administrative tribunal must be presumed honest in the absence of facts showing a high probability of actual bias, such as the decision-maker's having a pecuniary interest in the outcome. *Cf. Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). Barszcz has failed to overcome this presumption of integrity, because he did not allege or demonstrate a high risk that the Board was actually biased against him. The *Withrow* Court left open the possibility of showing specific facts and circumstances proving prejudice even if the procedure is deemed inherently fair.[5] Once again, Barszcz failed to demonstrate such circumstances. Indeed, the circumstances of the hearing indicate a high degree of fairness. The Board chairman, Mr. Boeger, advised the other Board members at the outset that they should consider carefully all the relevant evidence presented at the hearing. The hearing was extensive and thorough, as attested by the 1000 page transcript. Barszcz cross-examined most of the administration's witnesses and presented an elaborate case in his own defense. Finally, although the Board voted to discharge Barszcz, it reversed some of the particulars against him because it found they were unsupported by the evidence. *See Report of the Board of Trustees in the Case of Daniel Barszcz*, Plaintiff's Exhibit "D" in *Plaintiff's Pre-Trial Materials*.

The factual setting of *Withrow* involved a procedural challenge by a suspended physician against a state medical examining board. Other courts have applied the principles of *Withrow* to school boards conducting the hearings against teachers which the same boards had previously discharged, with the same result. *Swab v. Cedar Rapids Community School Dist.*, 494 F.2d 353 (8th Cir. 1974); *Simard v. Board of Education of Town of Groton*, 473 F.2d 988 (2d Cir. 1973); *Johnson v. Board of Regents*, 377 F.Supp. 227 (W.D.Wis.1974); *Miller v. Iowa State ASCS Committee*, 374 F.Supp. 415 (D.Iowa 1974). Several Illinois courts have upheld the procedure authorized by the Teacher Tenure Act although the same tribunal, the school board, brings the initial charges and conducts the evidentiary hearing. *Pittel v. Board of Education of School Dist. 111*, 20 Ill.App.3d 580, 315 N.E.2d 179 (1st Dist. 1974); *Teitmeir v. Board of Education of School Dist. 149*, 5 Ill. App.3d 982, 284 N.E.2d 380 (1st Dist. 1972).

Plaintiff's reliance on *King v. Caesar Rodney School Dist.*, 380 F.Supp. 1112 (D.Del.1974), and Judge McMillen's unreported decisions in *American Federation v. Jones*, No. 74 C 94 (N.D.Ill. 1974), is misplaced. These cases involve tribunals which, in effect, heard appeals of their own earlier decisions. That situation is more likely to offend concepts of fairness than the procedure at issue here in which the same Board found probable cause and then conducted an evidentiary hearing. *See Withrow v. Larkin*, 95 S.Ct. at 1470, n. 25.

 Finally, plaintiff complains of but has not briefed certain evidence rulings by the Board during the hearing

---

5. *See Keene v. Rodgers*, 316 F.Supp. 217 (D.Maine 1970).

and the fact that the four member quorum of the seven member Board was not made up of the same four persons at each hearing session. In the proceedings here under review neither rise to the level of potential due process claims.

Judgment will enter in favor of the defendant and against the plaintiff.