MARY CHRISTOPHERSON, Plaintiff-Appellant, *v.* SPRING VALLEY ELEMENTARY SCHOOL DISTRICT *et al.*, Defendants-Appellees.

Third District    No. 79-922

Opinion filed November 26, 1980.

STOUDER, J., dissenting.

Louis E. Olivero and Clifford E. Lund, both of Peru, for appellant.

Bruce C. Mackey, of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The Board of Education of the Spring Valley Elementary School District No. 99 dismissed a fifth grade teacher, plaintiff Mary Christopherson, on May 10, 1978, and pursuant to section 24—12 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—12), gave her a notice of dismissal setting forth the specified charges, as follows:

"1. You have been insubordinate.

2. The best interests of the School require your dismissal.

The Board has further determined that your conduct in refusing to report to work for the following dates constitutes grounds for dismissal which are irremedial: May 3, May 4 and May 5, 1978."

Plaintiff was in contractual continued service, having taught in Spring Valley for 24 years, and she, therefore, was given a hearing on the charges before a disinterested hearing officer, as provided by section 24—12 of the School Code.

At the hearing it was established that on April 4 plaintiff submitted to the Board of Education a request for professional business leave for five days (May 1-5, 1978) to attend the International Reading Council Convention in Houston, Texas. At the Board meeting on April 4 the request was tabled, and plaintiff was asked to appear personally at the next Board meeting on April 18, 1978. She did not appear, and at that meeting her request was denied. Plaintiff told some other teachers and her principal that she did not care what the Board decided, she was going to the convention. She then sent the superintendent a letter indicating that she had decided to attend just part of the conference, and stating, "At the risk of being presumptious, [sic] I am going to be gone three days next week." In the letter she also explained her involvement in State and local reading council activities and described her arrangement for a well-qualified substitute. After receiving her letter, the superintendent met with her on April 27 and advised her to submit another request to the Board. He also told her that one of three things could occur: her request could be approved, her pay could be docked, or she could be charged with insubordination. She submitted a new request but did not appear at the May 2 Board meeting as suggested, having left school early that day to go to the conference in Texas. The Board denied her request for leave, and on May 10 passed a resolution dismissing her.

In his decision the hearing officer discussed the irremediability of the cause for discharge, and observed that plaintiff's statements to the principal and to other teachers that she would attend the convention regardless of whether the Board approved "would appear to be conclusive of the fact that if additional warnings had been given, the cause of dismissal would not have been corrected." The hearing officer also found that even though the students may not have been damaged by their teacher's absence, "there was damage to the faculty and to the school itself in that the authority of the Board was challenged and openly defied * * *." The hearing officer then ruled that there was sufficient evidence to support the Board's finding that plaintiff's conduct was irremediable and that her dismissal was proper. Upon administrative review to the Circuit Court of

Bureau County, that decision was affirmed as not contrary to the manifest weight of the evidence, and this appeal followed.

Plaintiff's first contention is that the Board failed to establish the irremediability of her conduct since she was not given adequate advance warning that she would be discharged if she persisted in her plan to attend the convention. She also says that since she had a good substitute, there was no evidence of harm to the students or the school. She concludes that the hearing officer's finding that her unauthorized absence was an irremediable cause for dismissal was contrary to the manifest weight of the evidence.

This case is substantially similar to *Yuen v. Board of Education* (1966), 77 Ill. App. 2d 353, 222 N.E.2d 570, where a physical education teacher was absent from school one day to attend a meeting after the school board had denied his request for leave. There the Board had found that there was a loss to the students since no qualified substitute was available and that he had intentionally violated a ruling of the Board, neither of which results could be remedied. The reviewing court upheld this finding with the comment, "Once the wilful violation occurred the damage was done and could not be remedied." (77 Ill. App. 2d 353, 358.) Even though there was no lapse in the education of the students in the instant case, we believe the damage caused by plaintiff's wilful violation could not be remedied. Here we have the additional factor that plaintiff had stated in advance that she would not abide by the Board's decision. Clearly her conduct was intentionally insubordinate, and the finding that her act of insubordination was not remediable was appropriate.

Plaintiff also argues that the hearing officer applied the wrong standard of proof when he said that the Board's determination that the cause of discharge was irremediable is not to be reversed "unless the finding is manifestly against the weight of the evidence." She says that the Board was required to establish irremediability by the preponderance of the evidence and that the hearing officer's failure to apply the correct standard was reversible error. (See *Board of Education v. Ingels* (1979), 75 Ill. App. 3d 334, 394 N.E.2d 69.) The Board says that its finding of irremediability involves an exercise of judgment which is not to be reversed unless the finding is manifestly against the weight of the evidence, and in support of that rule it cites several cases decided under the School Code prior to the 1975 revisions. (*E.g., Wells v. Board of Education* (1967), 85 Ill. App. 2d 312, 230 N.E.2d 6.) At least one writer agrees with the Board that, as to remediability, the hearing officer's function is that of reviewing the Board's determination and not of making an initial factual finding. (See 2 Illinois School Law (Ill. Inst. Cont. Leg. Educ. 1980).) Even if the wrong standard of proof was used, it would be a useless act to reverse and remand here since the facts are not in dispute

and the only possible finding is that plaintiff's wilful insubordination was irremediable.

Accordingly, we affirm the judgment of the Circuit Court of Bureau County.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I must dissent from the opinion of the majority. Contrary to the majority's holding, the hearing officer applied the wrong standard of proof when he held that the Board's determination of irremediability was not to be reversed "unless the finding is manifestly against the weight of the evidence." The standard of proof required of the Board is clearly enunciated in *Board of Education v. Ingels* (1979), 75 Ill. App. 3d 334, 394 N.E.2d 69. In *Ingels*, the hearing officer had held that the Board had to prove the charges against the teacher by clear and convincing evidence. On appeal, the court held "It was not incumbent upon the School Board to offer clear and convincing evidence, but only proof by a preponderance of the evidence." (75 Ill. App. 3d 334, 337, 394 N.E.2d 69, 71.) It is clear, therefore, that the hearing officer must determine whether the Board proved its charges by a preponderance of the evidence, not whether its initial finding was against the manifest weight of the evidence. In other words, the determination is to be made by the hearing officer from facts presented at the hearing and is not a review of some prior determination of the Board. Because the wrong standard was applied, the resulting finding was invalid. (*Board of Education v. Ingels.*) Since the finding was invalid, and I do not believe, contrary to the majority's opinion, that the only possible finding is that the plaintiff's actions were irremediable, I would reverse and remand.